IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANCISCO CARBAJAL RAMOS,          §
TDCJ-CID NO. 1110641               §
                                   §
            Petitioner,            §
                                   §
v.                                 §        CIVIL ACTION NO. H-05-3426
                                   §
DOUGLAS DRETKE, Director,          §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

Francisco Carbajal Ramos, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2002 state court conviction for burglary of a habitation with intent to commit assault. Pending before the court is Respondent Dretke's Motion to Dismiss as Time-Barred and, in the Alternative, Motion for Summary Judgment, with Briefs in Support (Docket Entry No. 9). For the reasons discussed below, the court will deny the motion to dismiss as time-barred and grant the motion for summary judgment. Consequently, Ramos' petition for writ of habeas corpus will be denied.

## I.  Procedural History and Claims

On April 22, 2002, Ramos pleaded guilty to burglary of a habitation with intent to commit assault. State v. Ramos Carbajal,

No. 875,488 (182nd Dist. Ct., Harris County, Tex.).  On June 20, 2002, following a hearing on punishment, the court found Ramos guilty and sentenced him to 15 years imprisonment.  Id.  The conviction was affirmed by the First Court of Appeals of Texas. Ramos Carbajal v. State, No. 01-02-00721-CR (Tex. App.–Houston [1st Dist.], Nov. 6, 2003, no pet.).

    Although Ramos did not file a petition for discretionary review, he filed a state writ of habeas corpus on February 16, 2004.  Ex parte Carbajal, No. 58,624-01, at 2.  It was denied without written order on June 23, 2004.  Id. at cover.  On July 2, 2004, Ramos filed a second state writ of habeas corpus.  Ex parte Carbajal, No. 58,624-02, at 2.  It was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11.07 on January 12, 2005.  Id. at cover.  Ramos filed a third state writ of habeas corpus on April 14, 2005.  Ex parte Carbajal, No. 58,624-03, at 2.  On August 17, 2005, it was also dismissed as a subsequent application under article 11.07.  Id. at cover.

    Ramos filed the instant federal petition for writ of habeas corpus on October 3, 2005.  Fed. Writ. Pet. at 7.  He presents the following grounds for relief:

    1.    Ineffective assistance of counsel;

    2.    he was denied due process of law;

    3.    actual Innocence; and

    4.    his guilty plea was involuntary.

## II.  Standard of Review

**A. Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c). When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999).

In a habeas case, the court should construe liberally the

-3-

petitions of prisoners seeking relief. <u>See</u> <u>Haines v. Kerner</u>, 92 S.Ct. 594 (1972) (per curiam). Procedural rules must give way at times because of the "unique circumstance of incarceration." <u>McNeil v. United States</u>, 113 S.Ct. 1980, 1984 (1993) (citing <u>Houston v. Lack</u>, 108 S.Ct. 2379 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines</u>, 92 S.Ct. at 596.

## B. Antiterrorism and Effective Death Penalty Act

Because Ramos filed his petition for writ of habeas corpus October 3, 2005, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C.A. § 2254(d).

### III.  **Claims Two, Three and Four**

Respondent first asserts that claims two, three, and four of Ramos' habeas petition are procedurally barred from federal review.  These claims were first raised in Ramos' second and third habeas petitions.  Under the procedural default doctrine, a habeas claim is procedurally defaulted and barred from federal review when "a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997); see also Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991).

Citation for abuse of the writ "represents an adequate state procedural bar for purposes of federal habeas review. Nobles, 127 F.3d at 423.  Because Ramos' second and third state habeas petitions were successive applications, they were dismissed by the Court of Criminal Appeals for abuse of the writ pursuant to Texas Code of Criminal Procedure article 11.07 § 4(a)-(c).  Accordingly, claims two, three, and four of Ramos' habeas petition are procedurally barred from federal review because they are the same claims that were dismissed by the Court of Criminal Appeals for abuse of the writ.[1]

---

[1] In his second and third state habeas petitions, Ramos claimed that evidence had been withheld, creating a fundamental miscarriage of

A procedural bar will be excused, however, upon a showing of cause for the default and actual prejudice that is attributable to the default, or a showing that the federal court's failure to consider the claim will result in a miscarriage of justice. Coleman, 111 S.Ct. at 2565. See also Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (stating that a miscarriage of justice in this context means the petitioner is actually innocent of the crime for which he was convicted). Ramos seeks to excuse his default by arguing actual innocence.

In order to establish actual innocence, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt...in light of all the evidence[.]" Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998) (quoting Schlup v. Delo, 115 S.Ct. 851, 864 (1995)). In other words, he must show as a factual matter that he did not commit the crime for which he was convicted.

In support of his actual innocence claim, Ramos argues that his right to possession of the house in which the burglary took place was greater than the complainant's. He also claims that he did not have the requisite intent

---

justice; actual innocence; and that his guilty plea was involuntary due to ineffective assistance of counsel. These claims are the same as claims two, three, and four of his federal habeas petition.

-6-

necessary to be charged.  Under Texas law, in order to convict
a defendant of burglary of a habitation, the state must prove
that a "person, without effective consent of the owner, enters
a habitation not then open to the public, with the intent to
commit a felony, theft, or an assault."  Tex. Pen. Code Ann.
§ 30.02.  Ramos claims that he cannot be guilty of burglary of
a habitation because as owner of the house, he had consent to
enter, and because he did not have the intent to commit a
felony.

The Texas Penal Code defines "owner" as a person "who has
title to the property, possession of the property, whether
lawful or not, or a greater right to possession of the
property than the actor[.]" Tex. Pen. Code Ann. § 1.07(a)(34).
"Possession" is defined as "actual care, custody, control or
management."    Id. at §  1.07(a)(39).   Ownership of  a
burglarized property in a joint victim-defendant ownership
context can be proven by showing that someone had a greater
right to possession of the property than the defendant.
Alexander v. State, 753 S.W.2d 390, 392 (Tex. Cr. App. 1988)
(citing Ex parte Davis, 542 S.W.2d 192, 196 (Tex. Cr. App.
1976)).

In  this  case,  the  victim  had  a  greater  right  to
possession of the residence than Ramos.  Ramos supports his
claim with an affidavit in which the lessor of the house

-7-

states that Ramos had lived with the victim in the house he was convicted of burglarizing.  Docket Entry No. 1-2 at 22. This affidavit is neither new nor reliable, however.  <u>Schlup</u>, 115 S.Ct. at 865 (stating that a petitioner must support his allegations of constitutional error with new reliable evidence...that was not presented at trial in order to be credible).  The fact that Ramos  lived in the house at some point does not establish that Ramos had a right to possession at the time of the burglary.  The notarized Separation Agreement signed by Ramos on November 3, 2000, establishes that he did not own the house in which the burglary took place.[2]  III R.R. 9, State's Exhibit No. 6.  This is corroborated by the Protective Order entered by the court on March 21, 2001.[3]  III R.R. 12, State's Exhibit No. 9.

In support of his actual innocence claim, Ramos also argues that his guilty plea was involuntary.  "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent."  <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995).  Ramos points to nothing in the record to show that his

---

[2]In return for money, Ramos gave the complainant all the property rights he possessed in the house in which the burglary took place.

[3]The Protective Order prohibits Ramos from going to or near the residence of complainant.  The address listed for complainant's residence is the same address at which the burglary took place.

decision to plead guilty was involuntary or unknowing, however.[4] After his attorney informed him of the nature of the charge against him and the range of punishment, Ramos chose to plead guilty and voluntarily signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and "Admonishments." III R.R. 4, State's Exhibit No. 1. These documents acknowledged that Ramos was aware of and understood the rights he was foregoing in agreeing to the plea bargain, that the allegations against him were true, and that he was satisfied that the attorney representing him had properly represented him and had fully discussed with him the case. The "Admonisments" he signed informed Ramos that he faced a sentence range of two to twenty years. Because Ramos' plea of guilty was entered in light of all the evidence and the possible range of punishment, it was knowing, voluntary, and intelligent. Consequently, it serves as an admission of guilt to each element of the offense. United States v. Broce, 488 U.S. 563, 569 (1989).

Because Ramos has failed to present new reliable evidence sufficient to cast substantial doubt on his guilt, he cannot avoid procedural default under the miscarriage of justice

---

[4]To satisfy the knowing requirement of a guilty plea, the defendant must "know the maximum prison term and fine for the offense charged." Ables v. Scott, 73 F.3d 591, 592 (5th Cir. 1996) (citing United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990)).

exception.   Furthermore, Ramos has failed to show cause for the default or actual prejudice attributable to the default. Accordingly, only Ramos' claim of ineffective assistance of counsel remains and claims two, three, and four are procedurally barred from federal review.

## IV.  Claim One

Respondent moves for dismissal of Ramos' ineffective assistance of counsel claim based on the one-year statute of limitations ground and, in the alternative, for summary judgment on the merits of the claim.

### A. One-Year Limitations Period

This action falls under 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A).

Although Ramos' conviction was affirmed on November 6, 2003, his conviction did not become final until December 6, 2003, after the 30-day period for filing a petition for discretionary review had elapsed.  See Tex. R. App. Proc. 68.2(a). As a result, the limitations period for filing a federal habeas petition began on December 7, 2003, and expired one year thereafter on December 6, 2004.  See Flanagan,

154 F.3d at 202 (holding that Rule 6(a) of the Fed. R. of Civ. Proc. applies to the computation of the one-year limitations period in § 2244(d) of the AEDPA).

On February 16, 2004, Ramos filed his first petition for a state writ of habeas corpus. Because this petition was properly filed during the one-year limitations period, it tolled the limitations period until it was denied on June 23, 2004. See 28 U.S.C. § 2244(d)(2); Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (holding that a properly filed application for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements, such as the rules governing notice and the time and place of filing). Accordingly, the deadline for filing a federal habeas petition was pushed back to April 13, 2005.

Ramos filed a second state petition on July 2, 2004, and a third state petition on April 14, 2005, both of which were dismissed by the Court of Criminal Appeals as subsequent applications pursuant to Texas Code of Criminal Procedure article 11.07. Nevertheless, because they were properly filed for purposes of § 2244(d)(2), they each tolled the limitations period while pending. See Villegas, 184 F.3d at 470 (holding that state habeas petitions dismissed as successive will toll the limitations period of the AEDPA if properly filed within the meaning of § 2244(d)(2)). Thus, the second state

-11-

petition, dismissed on January 12, 2005, tolled the limitations period for 195 days, and the third state petition, dismissed on August 17, 2005, tolled the limitations period for 127 days. As a result, the deadline for filing a federal habeas corpus petition was pushed back to March 1, 2006. Because the instant petition for federal habeas corpus was filed on October 3, 2005, approximately five months before the deadline, it is not barred by the one-year limitations period.

**B. Ineffective Assistance of Counsel**

Ramos' only remaining claim is ineffective assistance of counsel. He argues that counsel failed to adequately conduct an independent investigation of the facts of his case and that, had counsel properly investigated, counsel would have discovered that his conduct did not constitute the offense charged.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S.Ct. 2052, 2064. To establish the first prong of this test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." Id. The Supreme Court has "declined to articulate specific guidelines for

-12-

appropriate attorney conduct." <u>Wiggins v. Smith</u>, 123 S.Ct. 2527, 2535 (2003). Instead, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Strickland</u>, 104 S.Ct. at 2065.

To establish the second prong, petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Id.</u> at 2068. <u>See also Wiggins</u>, 123 S.Ct. at 2542. A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. <u>Lamb v. Johnson</u>, 179 F.3d 352, 360 (5th Cir. 1999). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. <u>Strickland</u>, 104 S.Ct. at 2069.

In reviewing a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct." <u>Jackson v. Johnson</u>, 150 F.3d 520, 524 (5th Cir. 1998). The state trial court found that Ramos (1) failed to show deficiency and prejudice and (2) failed to allege sufficient facts which, if true, would entitle him to habeas relief.[5] <u>Ex parte Carbajal</u>, No. 58,624-01 at 65. Ramos has the burden of rebutting the presumption

---

[5]The Court of Criminal Appeals based its denial of Ramos' claims on these findings.

that these findings are correct by clear and convincing evidence. <u>Jackson</u>, 150 F.3d at 524.

Ramos fails to establish that his attorney was deficient. He points to no evidence in the record to support his claim that his attorney failed to investigate the facts of the case. Although he claims that an investigation of the facts would prove that he was the legal owner of the house at the time of the burglary, as discussed earlier, the Separation Agreement and Protective Order make clear that he was not. Ramos also argues that the victim filed a non-prosecution affidavit, which evidences his innocense. Ramos knew of this affidavit before the court accepted his guilty plea on June 20, 2002; if his attorney was unaware of it Ramos certainly could have pointed it out and explained its alleged significance.

Because Ramos is unable to show that his counsel's performance was deficient or that the deficient performance prejudiced his defense, his ineffective assistance of counsel claim will be denied.

## V. <u>Certificate of Appealability</u>

Although Ramos has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Order, the issue of a COA may arise. This court may deny a COA sua sponte. <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir.

-14-

2000) (per curiam).   To obtain a COA, Ramos must make a
substantial showing of the denial of a constitutional right.
28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562,
2569 (2004).   To make such a showing, Ramos must demonstrate
that the issues are debatable among jurists of reason; that a
court could resolve the issues in a different manner; or that
the issues presented are adequate to deserve encouragement to
proceed further.   Tennard, 124 S.Ct. at 2569.   For the reasons
stated in this Order, Ramos has not made a substantial showing
of the denial of a constitutional right.

## VI.   Conclusion and Order

The court **ORDERS** the following:

1.   The Petition for Writ of Habeas Corpus of Francisco
     Carbajal Ramos, Docket Entry No. 1, is **DENIED.**

2.   The Motion to Dismiss as Time-Barred, Docket Entry
     No. 9, is **DENIED.**

3.   The Motion for Summary Judgment, Docket Entry No. 9,
     is **GRANTED.**

3.   A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on the 20th day of June, 2006.

                                   _____
                                           SIM LAKE
                                   UNITED STATES DISTRICT JUDGE

-15-